**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JASHAI LUCAS, *et al.,* | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil No. 1:25-cv-02347-JRR |
| DERRYCK LEE, *et al.,* | * | |
| *Defendants* | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**MOTION TO SUBSTITUTE THE UNITED STATES
AND TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

The United States of America. by and through counsel, Kelly O. Hayes, United States Attorney for the District of Maryland, and Charles R. Gayle, Assistant United States Attorney, respectfully moves to substitute the United States for Defendant Derryck Lee, and to dismiss under Rule 12(b)(1) of the Rules of Civil Procedure and in support states as follows:

**<u>MOTION TO SUBSTITUTE</u>**

1.      Officer Derryck Lee ("<u>Lee</u>") is a Defendant in the above-entitled civil action that was removed from the Circuit Court of Maryland for Baltimore City, Maryland.  ECF 1, Attachment 3.

2.      Lee was acting within the scope of his employment as an officer deputized to the Drug Enforcement Administration (DEA) Task Force at the time of the allegations in the Complaint in this matter. *See* Scope Certification, **<u>Exhibit 1</u>**.

3.      The Federal Tort Claims Act ("FTCA") is the exclusive remedy for tort claims and injuries caused by the act or omission of a federal employee acting within the scope of his

employment. The FTCA further mandates the United States be substituted as the sole defendant in such cases. 28 U.S.C. § 2679(b); *Wilkinson v. United States*, 677 F.2d 998, 1001 (4th Cir. 1982).

4.    When a lawsuit is filed against an individual employee alleging negligence, rather than against the United States of America, the Attorney General or his designee is authorized to issue a certification that "the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose."  28 U.S.C. § 2679(d)(1).

5.    Once the Attorney General or his designee issues a certification that the employee was acting within the scope of its employment, the suit "shall be deemed an action against the United States" under the FTCA, and "the United States shall be substituted as the party defendant." *Id.* (emphasis supplied); *accord, e.g., Maron v. United States,* 126 F.3d 317, 321 (4th Cir. 1997) ("Once this certification has been made, the United States is substituted as the sole defendant . . . then the plaintiff's sole route for recovery is the Tort Claims Act.").

6.    Pursuant to 28 U.S.C. § 510, the Attorney General's authority to certify has been delegated to United States Attorneys 28 C.F.R. § 15.3, and in Maryland, redelegated to the Civil Chief for the District of Maryland; *see, e.g.*, *Guttierrez de Martinez v. DEA*, 111 F.3d 1148, 1152 (4th Cir. 1997).

7.    On September 18, 2025, the Civil Chief certified that Drug Enforcement Agency Taks Force Officer Derryck Lee U.S. Army, was acting within the scope of his employment under the Federal Tort Claims Act, at the time of the allegations in the Complaint in this matter.  **Exhibit 1.**

8.    Accordingly, the United States should be substituted for Defendant Lee in this action.

**MOTION TO DISMISS**

9.    In the Complaint Plaintiffs allege that their car was in a collision with a vehicle being driven by Officer Lee on May 23, 2024, and that their vehicle sustained damage as a result; they seek $75,000 in damages. ECF 1, Attachment 3.  However, Plaintiffs have not met the statutory prerequisites attendant to the limited waiver of sovereign immunity under the Federal Tort Claims Act ("FTCA").

10.    Under 28 U.S.C. § 2674(a), an "action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency" and that claim has "been finally denied by the agency[.]" 28 U.S.C. § 2675(a). This limited waiver of sovereign immunity is narrowly construed.  *See United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992).

11.    A plaintiff is only entitled to bring a tort claim in court against the government where such claim was, first, timely and separately administratively presented to, and denied by, the agency.  28 U.S.C. § 2675(a).  Plaintiffs bear the burden of proving that an administrative claim has been properly filed and denied.  *Kielwein v. United States*, 540 F.2d 676, 679 n.6 (4th Cir. 1976).  A plaintiff's failure to properly file an administrative claim divests the court of subject-matter jurisdiction.  *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).

12.    In this case, Plaintiffs have not plead and cannot establish that they filed the requisite administrative tort claim with the DEA before filing suit.

13.    Given their failure to meet the prerequisites for the narrow waiver of sovereign immunity under the FTCA, Plaintiffs' claims must be dismissed.  *Logan v. United States*, 851 F. Supp. 704, 707 (D. Md. 1994).

WHEREFORE, for the reasons set forth above, the United States respectfully requests that the Court grant this Motion and enter an Order: (1) substituting the United States of America for Defendant Derryck Lee, DEA Task Force Officer; (2) directing the Clerk to correct the case caption to reflect the substitution; and (3) dismissing the case without prejudice.

Respectfully submitted,

Kelly O. Hayes
United States Attorney


By:     /s/ Charles R. Gayle
        Charles R. Gayle
        Assistant United States Attorney
        MD Federal Bar No. 14706
        U.S. Attorney's Office, District of Maryland
        Baltimore, MD 21201
        Ph: 410-209-4845
        Charles.Gayle@usdoj.gov

4