IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**JASHAI LUCAS,** *individually and on behalf of minor child T.R.,*

     *Plaintiffs,*[1]

     v.

**DERYCK LEE,** *et al.,*[2]

     *Defendants.*

Case No.: 1:25-cv-02347-JRR

**MEMORANDUM OPINION AND ORDER**

Pending now before the court is the United States of America's Motion to Substitute the United States and to Dismiss for Lack of Subject Matter Jurisdiction. (ECF No. 10; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

## I.    BACKGROUND[3]

Plaintiff Jashai Lucas, individually and on behalf of minor child T.R., initiated this action against Defendant Deryck Lee and Baltimore County, Maryland, in the Circuit Court of Maryland for Baltimore City. (ECF No. 3; the "Complaint.") On March 23, 2024, Plaintiff Lucas "was operating a motor vehicle with passenger [minor child T.R.] traveling in a safe and responsible manner[.]" *Id.* ¶ 4. Defendant was similarly operating a motor vehicle at the same time. *Id.* ¶ 5. As Plaintiff attempted to make a left hand turn, "Defendant Lee attempted to turn into a parking lot," cutting into Plaintiff's lane of travel. *Id.* ¶ 6. As a result of Defendant Lee making a left

---

[1] The Complaint identifies Lucas as "Plaintiffs" because she sues both as an individual and on behalf of minor child T.R. For clarity, the court refers to Plaintiff in the singular.

[2] The United States has used different spellings of Defendant Lee's first name throughout its papers. *See, e.g.*, ECF Nos. 1, 10. For purposes of this opinion, the court spells Defendant Lee's first name as "Deryck," consistent with Plaintiffs' Complaint. (ECF No. 3.)

[3] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 3.) *See Byers v. Painter*, 173 F.4th 155, 158 (4th Cir. 2026).

handed turn "without ensuring he could do so safely, he caused Plaintiff's vehicle to collide with his and caused significant damage." *Id.* ¶ 6.

Plaintiff filed the Complaint in the Circuit Court of Maryland for Baltimore City on February 21, 2025. (ECF No. 1-3.) Plaintiff brings two counts of negligence—one against Defendant Lee (Count I), and the other against Baltimore County, Maryland (Count II). The United States of America, on behalf of Defendant Lee, subsequently removed the action to this court on July 18, 2025. *Id.* The United States then filed the instant Motion. (ECF No. 10.)

## II.   <u>LEGAL STANDARDS</u>

### A.  Motion to Substitute per Attorney General Certification

"The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)). "When a federal employee is sued for wrongful or negligent conduct," and the United States has not been named in the suit, "the Act empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Id.* at 229–30 (quoting 28 U.S.C. § 2679(d)(1), (2)); *see also United States Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 247 (4th Cir. 2018) (same); *Head v. Rakowski*, 695 F. Supp. 3d 663, 681 (D. Md. 2023) (same). "Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." *Osborn*, 549 U.S. at 230.

2

## A. Federal Rule of Civil Procedure 12(b)(1)

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). "The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *United States ex rel. Fadlalla v. DynCorp Int'l LLC*, 402 F. Supp. 3d 162, 176 (D. Md. 2019) (citing *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)). "In determining whether jurisdiction exists, 'the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue.'" *Id.* at 176 (quoting *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003)).

Subject matter jurisdiction challenges may proceed in two ways: "either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" *Mayor & City Council of Baltimore v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Ministry of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024) (same). Conversely, in a factual challenge, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "In that circumstance, the court 'may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)).

3

The United States here mounts a facial challenge to the court's exercise of jurisdiction, arguing that Plaintiff's claims are barred by operation of sovereign immunity pursuant to a failure to meet the statutory prerequisites under the Federal Tort Claims Act ("FTCA"). *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (noting that "[s]overeign immunity is jurisdictional in nature."). "Because waivers of sovereign immunity must be strictly construed, the plaintiff bears the burden of demonstrating jurisdiction and showing that none of the FTCA's exceptions apply." *Wood v. United States*, 845 F.3d 123, 127 (4th Cir. 2017) (citation omitted); *see also Nabinett v. United States*, No. CV JKB-20-1357, 2023 WL 3168353, at *4 (D. Md. Apr. 28, 2023) ("[B]ecause Plaintiff bears the burden of establishing the Court's subject matter jurisdiction, she also 'bears the burden of pointing to an unequivocal waiver of immunity.'") (quoting *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)).

III.    **ANALYSIS**

A.  **Motion to Substitute**

The United States moves to substitute Defendant Lee as Defendant in this case because, pursuant to the FTCA, Defendant Lee is a federal employee who was acting within the scope of his employment at the time of the events alleged in the Complaint. (ECF No. 10 at pp. 1–2.) Plaintiffs have not responded to the Motion.

As discussed above, where "a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Osborn*, 549 U.S. at 229–30 (quoting 28 U.S.C. §§ 2679(d)(1), (2)). "Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." *Id.* at 230. "The Attorney General has delegated the authority

4

to make the scope-of-employment certification to the 'United States Attorney for the district where the civil action or proceeding is brought,'" *Head*, 695 F. Supp. 3d at 681 (quoting 28 C.F.R. § 15.4); *see Gutierrez de Martinez v. Drug Enf't Admin.*, 111 F.3d 1148, 1152 (4th Cir. 1997) (same), and this court has repeatedly recognized that the Chief of the Civil Division of the United States Attorney's Office for the District of Maryland has been delegated authority to issue such certifications. *See, e.g.*, *Yuzhakov v. Nichols*, No. CV 25-2037-TDC, 2026 WL 788095, at *2 (D. Md. Mar. 20, 2026); *Saini v. Suburban Hosp., Inc.*, No. CV DLB-25-901, 2026 WL 482386, at *4 (D. Md. Feb. 20, 2026).[4]

Here, by Certification of September 18, 2025, the Chief of the Civil Division, on behalf of the United States, certifies that Defendant Lee, a Drug Enforcement Agency ("DEA") Task Force Officer, "was acting within the scope of his employment as an employee of the United States of America at the time of such allegations." (ECF No. 10-1.) Plaintiff does not dispute the Certification. Accordingly, in view of the Certification and Plaintiff's nonopposition thereto, "the United States is substituted as the sole defendant," and Plaintiff's "sole route for recovery is the [FTCA]." *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997). The court will therefore grant the Motion to Substitute and substitute the United States as Defendant for Plaintiff's claim against Mr. Lee.

### B. Motion to Dismiss

Upon substitution of the United States as Defendant, the United States moves to dismiss this action against it because Plaintiff has "not met the statutory prerequisites attendant to the limited waiver of sovereign immunity under the [FTCA]." (ECF No. 10 at p. 3.) Here again, Plaintiff has not responded to the Motion.

---

[4] Although not at issue here, the court notes that "[t]he scope-of-employment certification is reviewable in court." *De Martinez v. Lamagno*, 515 U.S. 417, 420 (1995).

As discussed above, "[a]bsent a waiver of sovereign immunity, the Federal Government is immune from suit." *Loeffler v. Frank*, 486 U.S. 549, 554 (1988) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  Relevant here, "[t]he FTCA provides a waiver of sovereign immunity for damages suits related to certain actions by federal employees that occur within the scope of their employment." *Est. of Van Emburgh by & through Van Emburgh v. United States*, 95 F.4th 795, 800 (4th Cir. 2024) (citing 28 U.S.C. §§ 1346(b)(1), 2674).  Prior to filing suit under the FTCA, however, a plaintiff "must satisfy certain jurisdictional prerequisites." *Id.*  As the Fourth Circuit has explained:

> This administrative exhaustion requirement contains three elements. First, a plaintiff must "present[ their] claim to the appropriate Federal agency[.]" *Id.* § 2675(a). Second, when a plaintiff presents their claim to the agency, the plaintiff must state the sum they are seeking for their claim. *Id.* § 2675(b) ("A[n a]ction under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency[.]"). Third, the plaintiff must wait either for the claim to be "finally denied by the agency" or for the agency to fail "to make final disposition of [the] claim within six months after it is filed." *Id.* § 2675(a).

*Id.* at 801 (alterations in original); *see also* 28 U.S.C. § 2675(a) (providing that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail"). "[E]ach of these three statutory requirements is jurisdictional," *Est. of Van Emburgh*, 95 F.4th at 801, and cannot be waived, *see Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986) (citing *Kielwien v. United States*, 540 F.2d 676, 679 (4th Cir. 1976), *cert. denied*, 429 U.S. 979 (1976)).

Here, the United States argues Plaintiff has "not plead and cannot establish that [he] filed the requisite administrative tort claim with the DEA before filing suit." (ECF No. 10 at p. 3.) Thus, "[g]iven the[] failure to meet the prerequisites for the narrow waiver of sovereign immunity under the FTCA, [the] claims must be dismissed." *Id.* (citation omitted). The court agrees. Plaintiff's Complaint fails to assert facts (accepted as true) that Plaintiff, individually or on behalf of minor child T.R., exhausted administrative remedies under the FTCA prior to filing suit. Indeed, Plaintiff does not allege facts to support that she (1) presented their claims to DEA; (2) stated their alleged damages sought in their claims; and (3) waited for any affirmative decision or a failure to make a decision by the DEA after six months. *See Est. of Van Emburgh*, 95 F.4th at 801, *supra*. Accordingly, even accepting Plaintiff's allegations as true, Plaintiff fails to allege that she satisfied the jurisdictional prerequisite of administration exhaustion. In failing to do so, Plaintiff fails to properly invoke this court's jurisdiction. This court will therefore grant the Motion and dismiss the Complaint as against the United States.

## IV.     CONCLUSION AND ORDER

For the foregoing reasons, it is this 31st day of July 2026,

**ORDERED** that the Motion (ECF No. 10) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that the United States shall be substituted as Defendant Lee as Defendant in this matter; and further it is

**ORDERED** that this matter be **DISMISSED without prejudice** as against the United States; and further it is

**ORDERED** that, in view of the foregoing and where Plaintiff has failed to take any action to prosecute this action as against Defendant Baltimore County, Maryland, for more than nine (9)

months, *see* FED. R. CIV. P. 41(b) and Local Rule 103.8(b), Plaintiff shall show good cause within 14 days of entry of this memorandum opinion and order why this action should not be dismissed as against Defendant Baltimore County, Maryland.

_____/s/_____
Julie R. Rubin
United States District Judge
